# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                      No. 16-CV-00669-RB-SMV
                                          No. 14-CR-03806-RB

**RAMON PEREZ, SR.,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant, Ramon Perez, Sr.'s Motion to Reduce Sentence Under Residual Clause of the Armed Career And Career Offender in the Light of Johnson v. United States 135 S.Ct. 2551 (2015), and April 18th 2016, Retroactive in Welch v. United States, No. 15-6418.  [CV Doc. 1; CR Doc. 32]  In his motion, which was filed *pro se*, Defendant seeks to reduce his sentence, in light of the United States Supreme Court's recent rulings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).  The Federal Public Defender has been reappointed to represent Defendant, in accordance with the Administrative Order In the Matter of Representation in *Johnson v. U.S.*, 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004, Doc. 19 (D.N.M. March 25, 2016). [CR Doc. 33].

Defendant's motion was docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or

ineffective, is that provided for in 28 U.S.C. § 2255."). Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383. Therefore, consistent with *Castro*, the Court will notify Defendant that it intends to recharacterize his motion as a § 2255 motion and afford Defendant an opportunity to withdraw the motion or to amend it to add additional claims. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify all grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant"). If Defendant fails to timely amend or withdraw his motion, then Defendant's motion will be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

IT IS THEREFORE ORDERED that Defendant is granted leave to amend or withdraw his Motion to Reduce Sentence Under Residual Clause of the Armed Career And Career Offender in the Light of Johnson v. United States 135 S.Ct. 2551 (2015), and April 18th 2016, Retroactive in Welch v. United States, No. 15-6418. [CV Doc. 1; CR Doc. 32], which the Court

intends to recharacterize as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, within thirty (30) days of the entry of this Order.

_____
**STEPHAN M. VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**